UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **KEVIN WILDER** | **CASE NO. 6:20-CV-01383** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **SCOTT MORGAN, ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 40) filed on behalf of Sergeant Ryan Shanahan ("Shanahan"). Shanahan seeks dismissal of Plaintiff's claims against him for penalty, punitive, or exemplary damages. Plaintiff failed to file an opposition. The motion was referred to this Court for report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. For the following reasons, it is recommended that Shanahan's Motion to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 40) be GRANTED.

### Facts and Procedural History

Plaintiff filed the present action under 42 U.S.C. § 1983 on October 26, 2020, against Scott Morgan, individually and in his capacity as Chief of Police of the Lafayette Police Department, the Lafayette Police Department, Lafayette Consolidated Government ("LCG"), John Doe Nos. 1-4, "ABC Insurance Company," and "XYZ Insurance Company" following his arrest on October 24,

2019, asserting claims under the Fourth and Fourteenth Amendments to the United States Constitution. (Rec. Doc. 1). Plaintiff also asserted state law claims for, *inter alia*, assault, battery, intentional misrepresentation, negligent and intentional infliction of emotional distress, abuse of process, and malfeasance in office and requested compensatory, special, and punitive damages. (*Id*.).

Pertinent to the instant Motion, per Plaintiff, on October 24, 2019, members of the Lafayette Police Department ("LPD") responded to a report of a single-vehicle accident where Plaintiff was allegedly under the influence of alcohol. (Rec. Doc. 35, ¶ 4). Plaintiff alleges the interaction became physical when responding officers engaged in the unnecessary use of force and caused him to slam "headfirst into the concrete pavement, splitting the left side of his head and causing him to lay in a puddle of his own blood." (*Id*. at ¶ 10). Plaintiff further alleges that an officer "knelt on [his] neck, obstructing his ability to breath." (*Id*. at ¶ 11). Plaintiff alleges Shanahan witnessed these actions, failed to intervene, and told one of the offending officers, ""[g]ood start, pal. It is what it is'" and "[w]hat are you worried about it for?'" (*Id*. at ¶ 14).

On January 11, 2021, LCG and Former Interim Chief Scott Morgan filed a Motion to Dismiss. (Rec. Doc. 4). On January 28, 2021, Plaintiff filed a Motion for Leave to File Amended Complaint which was granted on February 2, 2021. (Rec. Doc. 8 and 9). On that same date, the originally named Defendants' Motion to

Dismiss was denied subject to the right of Defendants to re-urge their motion if warranted once the Amended Complaint was filed. (Rec. Doc. 9).

Plaintiff filed a First Amended Complaint on February 2, 2021, wherein he re-named Scott Morgan, individually and in his capacity as former Chief of Police of the Lafayette Police Department, the Lafayette Police Department through LCG, LCG (correcting the name), John Doe Nos. 1-4, "ABC Insurance Company," and "XYZ Insurance Company" and added Shanahan, individually and in his capacity as a supervisory officer in Lafayette Police Department through LCG, Officer D. Smith, Officer T. Mouton, and Officer K. Baudoin as new Defendants. (Rec. Doc. 10). Plaintiff re-alleged details regarding his October 24, 2019 arrest. (Rec. Doc. 10, ¶¶ 4-38). In response, the original Defendants re-urged their Motion to Dismiss (Rec. Doc. 18), and the newly added Defendants filed a Motion to Dismiss (Rec. Doc. 28) arguing that the First Amended Complaint failed to assert a viable *Monell* claim and that the claims against the added defendants were prescribed as a matter of law.

On March 18, 2022, the Court granted the Motion to Dismiss as to the federal claims against Scott Morgan in his official capacity and dismissed Plaintiff's conspiracy claim under section 1985(3). (Rec. Doc. 32). The Court, however, denied without prejudice the Motion to Dismiss for all other claims and ordered Plaintiff to file another amended complaint to address certain deficiencies in his *Monell* allegations. (*Id.*).

Relative to the present Motion, on November 2, 2022, Plaintiff filed a Second Amended Complaint (Rec. Doc. 35) wherein he requested punitive damages as to Defendants Smith, Mouton, Baudoin, John Doe Nos. 1-4, *Shanahan in his official capacity,* and Morgan in his individual capacity. On August 10, 2023, Shanahan filed the Motion to Dismiss Penalty, Punitive, or Exemplary Damages presently before the Court (Rec. Doc. 40).

## Law and Analysis

### I. Law applicable to Rule 12(b)(6)

When considering a motion to dismiss for failure to state a claim under F.R.C.P. Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007)(internal quotations omitted)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)(citing *Associated Builders, Inc. v. Alabama*

4

*Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic*, 127 U.S. at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009)(quoting *Bell Atlantic*, 127 U.S. at 556); See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir.2008).

## II. Availability of Punitive Damages

The United States Supreme Court held unequivocally that "[a] municipality is immune from liability for punitive damages in a §1983 action." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270–71 (1981). See also *Howell v. Town of Ball*, No. 12-951, 2012 WL 3962387, at *4 (W.D. La. Sept. 4, 2012) (citing *Cook County, Ill. V. U.S. ex rel. Chandler*, 538 U.S. 119 (2003); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); and *Webster v. City of Houston*, 735 F.2d 838 (5th Cir. 1984)). Furthermore, "[i]t is equally well settled that a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability." *Howell v. Town of Ball*, 2012 WL 3962387, at *4 (citing *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)). On the other hand,

punitive damages are recoverable against municipal employees who are sued in their individual capacities pursuant to a §1983 claim. *Smith v. Wade*, 461 U.S. 30, 35 (1983), and *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003)).

In his Second Amended Complaint (Rec. Doc. 35), Plaintiff requests punitive damages as to Shanahan in his official capacity. The Lafayette City-Parish Consolidated Government is, by definition, a municipality; therefore, Plaintiff is barred from recovering punitive damages from LCG. Because a suit against a municipal official in his or her official capacity is simply another way of alleging municipal liability, Plaintiff is also barred from recovering punitive damages from Shanahan in his official capacity. Thus, the Court recommends that Shanahan's Motion to Dismiss seeking dismissal of Plaintiff's claims for punitive damages against Shanahan in his official capacity be granted.

Shanahan has also moved to dismiss Plaintiff's claims for punitive damages under state law. Under Louisiana law punitive damages are not recoverable in civil cases absent a specific statutory provision authorizing recovery of punitive damages. *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La.1988). Plaintiff cited no authority supporting his request for punitive damages under Louisiana law in his Second Amended Complaint or otherwise. Accordingly, the Court recommends granting Shanahan's motion to dismiss Plaintiff's claims for punitive damages under state law.

## **CONCLUSION**

For the reasons discussed herein, it is recommended that Shanahan's Motion to Dismiss Penalty, Punitive, or Exemplary Damages (Rec. Doc. 40) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 30th day of November, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE