UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KEVIN WILDER | CASE NO. 6:20-CV-01383 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| SCOTT MORGAN ET AL | MAGISTRATE JUDGE CAROL B. WHITEHURST |

## RULING ON REPORT AND RECOMMENDATION

This is a Section 1983 case grounded on allegations that officers from the Lafayette Police Department exercised unreasonable force in arresting the plaintiff, Kevin Wilder. Defendants Scott Morgan, the Lafayette City – Parish Consolidated Government ("LCG"), Officer Dylan Smith, Officer Trent Mouton, Officer Katelyn Baudoin, and Sergeant Ryan Shanahan filed a Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The Court referred this motion to the Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that the Defendant's Motion to Dismiss be granted.[2] Wilder timely objected to the R&R,[3] and Defendants filed a response to Wilder's objection.[4] As explained further below, the Court adopts the Magistrate Judge's recommended disposition of the Motion with respect to Parts III, IV, V, and VI of the R&R. The court declines to adopt the recommendation in Parts II and VII of the R&R as explained below. Accordingly, for the reasons stated herein, the Court **GRANTS** the Motion to Dismiss **IN PART**, and **DENIES** the Motion to Dismiss **IN PART**.

---

[1] ECF No. 41.
[2] ECF No. 51.
[3] ECF No. 52.
[4] ECF No. 53.

1

# I.
## Procedural History

Wilder filed his Original Complaint on October 26, 2020.[5] The magistrate judge granted Wilder's motion to amend and Wilder filed his first amended complaint on February 2, 2021.[6] The Court subsequently entered a ruling and order addressing three pending motions to dismiss Wilder's First Amended Complaint. The Court granted the motion to dismiss claims against the Lafayette Police Department ("LPD") on the grounds that LPD is not a juridical entity capable of being sued.[7] The Court granted in part and denied in part a motion to dismiss filed by Elsie Gee and Scott Morgan.[8] Specifically, the court granted the motion to dismiss with respect to Wilder's claims against Morgan in his official capacity. The court further granted the motion to dismiss with respect to Wilder's conspiracy claim under Section 1983. The Court, however, denied the Motion to Dismiss with respect to Wilder's *Monell*[9] claims against LCG but ordered Wilder to file an amended complaint addressing the deficiencies identified in the Court's Memorandum Ruling. Wilder subsequently filed the Second Amended Complaint.[10] The present motion to dismiss addresses that Second Amended Complaint.

# II.
## Rulings on R&R

### A. Part II of the R&R—*Monell* Claims Against LCG.

Part II of the R&R addresses Wilder's *Monell* claims against LCG. LCG contends that Wilder's Second Amended Complaint fails to plead a plausible *Monell* claim against LCG. The Magistrate Judge agreed and recommended that the Motion to Dismiss these claims be granted.

---

[5] ECF No. 1.
[6] ECF No. 10.
[7] ECF Nos. 31, 32.
[8] *Id.*
[9] *Monell v. Department of Social Services*, 436 U.S. 658 (1978)
[10] ECF No. 35.

LCG may not be held liable under Section 1983 on a theory of vicarious liability.[11] It may, however, be liable under *Monell.*, when allegedly unconstitutional conduct "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."[12] In other words, the unconstitutional conduct at issue must be directly attributable to the municipality through some sort of official action. To state a Section 1983 *Monell* claim, a plaintiff must allege facts demonstrating that (1) an official policy, (2) promulgated by the municipal policymaker, (3) was the moving force for the violation of a constitutional right.[13] Official policies may exist in the form of "written policy statements, ordinances, or regulations, but may also arise in the form of a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy."[14] To plead a *Monell* claim on the basis of a wide-spread practice, the plaintiff must plead facts showing "sufficiently numerous prior incidents," as opposed to "isolated instances."[15] A plaintiff "must do more than describe the incident that gave rise to his injury."[16] The facts pled must also show incidents similar to the conduct at issue in the instant case—that is, "[p]rior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question."[17]

A plaintiff may point to prior occurrences to plead a *Monell* claim based on a wide-spread unconstitutional practice by as municipality's employees or officers that amounts to municipal policy. Those prior occurrences, however, must be not only similar to conduct at issue in the plaintiff's case but also persistent as opposed to sporadic or isolated. This persistency requirement

---

[11] *Hicks-Fields v. Harris Cty., Texas*, 860 F.3d 803, 808 (5th Cir. 2017), *cert. denied sub nom. Hicks-Fields v. Harris Cty., Tex.*, 583 U.S. 1014, 138 S. Ct. 510 (2017).
[12] 436 U.S. 658, 690 (1978).
[13] *Blanchard-Daigle v. Geers*, No. 18-51022, 2020 WL 730586, at *2 (5th Cir. Feb. 12, 2020).
[14] *Id.*
[15] *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir.1989).
[16] *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020).
[17] *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) (quoting *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005)).

ensures that the alleged unconstitutional practice of the municipality is based on actions that "have occurred for so long and with such frequency that the course of conduct demonstrates the governing body's knowledge and acceptance of the disputed conduct."[18] The Fifth Circuit also requires the plaintiff to plead more than a list of past actions alleged to be unconstitutional; a plaintiff must place these past occurrences in context to support the inference that the municipality knew about and accepted a wide-spread unconstitutional practice.

The Court concluded that the allegations of Wilder's First Amended Complaint did not plead plausible *Monell* claims against LCG and granted Wilder leave to amend to cure those deficiencies. Wilder's Second Amended includes significant additional allegations supporting his claim of "a clear pattern of excessive and improper use of force against citizens like Mr. Wilder."[19] The Court concludes that these allegations plead a plausible *Monell* claim and are sufficient to survive a motion to dismiss under Rule 12(b)(6). Accordingly, the Court will not adopt the recommendation in Part II of the R&R, and DENIES the Motion to Dismiss with respect to Wilder's *Monell* claim.[20]

### B. Parts III, IV, V, and VI of the R&R.

In Parts III, IV, V and VI of the R&R, the Magistrate Judge makes the following recommendations:

1. That the Section 1983 claims asserted against defendants Morgan and Shanahan in their official capacities be dismissed;

---

[18] *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010).
[19] ECF No. 10 at ¶ 36.
[20] In his Objection to the R&R, Wilder faults the Magistrate Judge for citing summary judgment cases like *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 851 (5th Cir. 2009) in connection with a Rule 12(b)(6) Motion to Dismiss. Wilder is correct that summary judgment cases are generally inappropriate as precedent for a Motion to Dismiss—the standards differ. However, the Magistrate Judge—and this Court in its ruling on the first Motion to Dismiss—cited the general legal standards governing claims alleging "wide-spread unconstitutional practices" from the Fifth Circuit's *Peterson* decision. These standards provide importance guidance in judging whether Wilder has stated a plausible claim. The Court here concludes that the Second Amended Complaint satisfies the plausibility standard of *Twombly*, 550 U.S. at 555, and *Iqbal*, 556 U.S. 662, 678, (2009). That does not mean Wilder's claims will also survive summary judgment under *Peterson* after the opportunity for discovery—again, the standards differ.

4

2. that the Section 1983 bystander claims against defendants Smith, Mouton, Baudoin, and Shanahan are prescribed and should be dismissed;

3. that Wilder's state law claims against defendants Smith, Mouton, and Baudoin are prescribed and should be dismissed; and

4. that all claims against John Does # 1-4 and ABC and XYZ Insurance Companies should be dismissed.

After considering the Second Amended Complaint, the parties' briefing, and the relevant authorities, the Court ADOPTS the Magistrate Judge's recommendations in Parts III, IV, V and VI of the R&R. The Motion to Dismiss is GRANTED with respect to these claims. These claims are DISMISSED WITH PREJUDICE.

### C. Part VII of the R&R—State Law Claims

In Part VII of the R&R, the Magistrate Judge recommends that Wilder's remaining state law claims be dismissed under the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367(c)(3). "Pursuant to 28 U.S.C. § 1367, a federal district court may exercise supplemental jurisdiction over state-law claims that the court would not otherwise have subject matter jurisdiction to hear if the claims are part of the same case or controversy as the claims over which the court has original jurisdiction."[21] However, the Court may dismiss those claims if the Court has dismissed all of the claims over which it has original jurisdiction. Here, as explained above, the Court declines to dismiss Wilder's Section 1983 *Monell* claim against LCG. Since a claim remains over which the Court has original jurisdiction, the Court declines to dismiss Wilder's remaining state claims. The Court, therefore, declines to adopt the Magistrate Judge's recommendation in Part VII of the R&R. The Motion to Dismiss is DENIED with respect to these claims.

---

[21] ECF No. 51 at 26.

## III.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion to Dismiss **IN PART**, and **DENIES** the Motion to Dismiss **IN PART**. The Court adopts the Magistrate Judge's recommended disposition of the Motion with respect to Parts III, IV, V, and VI of the R&R. The court declines to adopt the recommendation in Parts II and VII of the R&R. Accordingly, (1) the Section 1983 claims asserted against defendants Morgan and Shanahan in their official capacities are dismissed with prejudice; (1) the Section 1983 bystander claims against defendants Smith, Mouton, Baudoin, and Shanahan are dismissed with prejudice; (3) Wilder's state law claims against defendants Smith, Mouton, and Baudoin are dismissed with prejudice; and (4) all claims against John Does # 1-4 and ABC and XYZ Insurance Companies are dismissed with prejudice. In all other respects, the Motion is DENIED.

THUS DONE in Chambers on this 28th day of March, 2024.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE